# VINCENT *v.* HOPKINS.

APPEAL AND ERROR; PATENTS; INTERFERENCE; REDUCTION TO PRACTICE.

1. Unanimity of decision by the Patent Office tribunals in favor of the senior party to an interference increases the burden of the junior party.

2. Where, in an interference involving the invention of an attachment to an adding machine designed to perform multiplication, it was claimed by the junior party that a plate model constructed by him was a reduction to practice, but it appeared, among other things, that the numbers on the dial wheel of the model were upside down and could not be conveniently read; that there was no mechanism for bringing the registry wheel back to zero after a computation had been made; that the most the model could do was to multiply digit by digit; that the various hand operations which this operation necessitated did not constitute the automatic operation contemplated by the issue, and that the only way in which the accumulating wheels could be cleared was by adding the necessary complementary numbers to them; it was *held* that the device did not come within the class of crude devices capable of use sufficient to demonstrate their practical efficacy and utility, and did not constitute a reduction to

practice. (Citing *Paul* v. *Hess*, 24 App. D. C. 462, and distinguishing *Coffee* v. *Guerrant*, 3 App. D. C. 497.)

No. 969. Patent Appeals. Submitted May 10, 1915. Decided May 24, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by Jesse G. Vincent from the decision of the Commissioner of Patents awarding priority to Hubert Hopkins of an invention relating to an attachment adapted to be applied to an adding machine for the purpose of performing multiplication.

The counts of the issue are as follows:

In a machine of the character described, the combination of a reciprocating prime mover; register wheels; actuators therefor; and multiplicand and multiplier setting-up devices controlling movement of said actuators, the latter adapted during the stroke of the prime mover in one direction to register units of the product and during the stroke of the prime mover in the opposite direction to register tens of the product.

2. In a calculating machine, the combination with a totalizer, of two sets of independently movable racks for introducing, respectively, tens and units partial products into said totalizer, a main shaft and means whereby one set of racks is effective on the forward movement of the main shaft, and the other set of racks effective on the back movement of the main shaft, whereby the operation of multiplication is completed by a single operation of said shaft.

3. In a machine of the character described, the combination of accumulator wheels, denominationally arranged, manipulative amount determining devices, and duplex actuators alternately effective and arranged in pairs for adjacent wheels, the said amount determining devices including indexing means to differently measure excensions of the two actuators of a pair.

4. In a machine of the character described, the combination

of a pair of wheels, a reciprocatory actuator for one of them, a similar actuator for the other reversely related thereto, the two actuators being adapted to move together in the same direction, and one wheel being engaged with the actuator during movement thereof in one direction, while the other wheel is disengaged from its actuator, and the latter wheel being engageable with the actuator during the reverse movement while the first-mentioned wheel is disengaged from its actuator, whereby the two wheels are successively turned in the same direction during one concurrent reciprocation of the two actuators, and multiplicand and multiplier setting-up devices measuring excursions of the actuators, the one to register the units of a product upon its wheel, and the other to register the tens of the product on its wheel.

5. In a machine of the character described, the combination of a pair of gear wheels axially aligned, reciprocatory actuating racks on opposite sides of said gear wheels, one rack aligned to mesh with one such wheel, and the other rack aligned to mesh with the other wheel, and the wheels and racks being relatively movable for alternate engagement of one wheel and rack and the other wheel and rack; two sets of manipulative amount determining devices and stop members jointly controlled thereby, and co-operating with both racks simultaneously to measure advance of one in mesh with the wheel, and of the other disengaged from its wheel, said latter rack adapted to return meshed with said wheel while the other rack returns disengaged from its wheel.

Hopkins is the senior party, filing December 12, 1908. Vincent filed February 8, 1911. The Examiner of Interferences found that Vincent conceived the invention December 15, 1907, but denied his claim of reduction to practice, and also found that he was not diligent in perfecting his invention when Hopkins entered the field. Priority, therefore, was awarded to Hopkins.

*Messrs. Rector, Hibben, Davis, & Macauley* and *Mr. A. V. Cushman* for the appellant.

*Mr. F. R. Cornwall, Mr. L. S. Bacon,* and *Mr. J. H. Milans* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Each successive tribunal of the Office affirmed this decision. This unanimity increases the burden of the junior party.

We may assume that the finding as to Vincent's conception is correct. The question upon which the case turns is the claim of reduction to practice. It appears that Vincent constructed a plate model of his invention in the spring of 1908, which has been produced in evidence. This model consists of two banks of white keys for setting up a multiplicand, and one bank of red keys for setting up the digits of a multiplier. Each bank of white keys controls a series of nine plates notched in accordance with the multiplication table, and there are also three sets of rack bars and three numeral wheels.

While several hand operations are required to perform a multiplication upon this model, it is contended that the issue does not preclude this method of operation. It is contended that the model is full size and made of materials usually used in the Burroughs Adding Machine. It is of limited capacity. The contention of Hopkins is that this is not a reduction to practice, but a device constructed for study, and was not intended to be subjected to the tests necessary as a practice of the invention. The numbers on the dial wheel are upside down, and cannot be conveniently read. There is no mechanism for bringing the registry wheel back to zero after a computation has been made. The most that the machine can do is to multiply a single digit by a single digit, a computation easily performed without a machine. Finally, the various distinct hand operations do not constitute the automatic operation contemplated by the issue. The fixtures are attached to a steel plate and have not the appearance of a complete machine. Vincent admits that the only way in which the accumulating wheels can be cleared is by adding the necessary complementary numbers

to them.   The Examiner of Interferences said:  "It is obvious that the plate model is operated in a manner radically different from that of the machine shown in Vincent's application, since in the latter a partial rotation of the operating handle performs all of the necessary steps in obtaining the final result."

Having examined the exhibit with an explanation of its action, we agree with the tribunals of the Patent Office that it cannot be considered a reduction to practice.   It does not come within the class of crude devices capable of use sufficient to demonstrate their practical efficacy and utility, as in *Coffee* v. *Guerrant,* 3 App. D. C. 497, and other cases cited on behalf of appellant; it more nearly resembles the kind of machine claimed as a reduction to practice in *Paul* v. *Hess,* 24 App. D. C. 462.

The tribunals also decided that, notwithstanding the prior conception of Vincent, he had been lacking in diligence when Hopkins entered the field.   The evidence amply sustains this conclusion.

The decision is affirmed and the clerk will certify this decision to the Commissioner of Patents.                  *Affirmed.*